21702

FIRST CAROLINA NATIONAL BANK, Respondent, v. A & S EN-
TERPRISES, INC., d/b/a Wholesale Beer & Wine, Robert Smith,
III and Douglas Arthur, Appellants.
(291 S. E. (2d) 380)

*Samuel J. Abrams and Mazursky & Evans, Sumter,* and
*Daniel B. Causey, III,* Darlington, *for appellants.*

*Mitchell & Associates and Jack W. Lawson, Jr.,* Florence,
*for respondent.*

May 4, 1982.

LITTLEJOHN, Justice:

Prior to the commencement of this action, the Defendant-
Appellant, A & S Enterprises, Inc. (Mortgagor) executed and

delivered to the Plaintiff-Respondent, First Carolina National Bank (Mortgagee) certain promissory notes and security agreements covering items of personal property located in five counties. The personal property upon which the lien was created was inventory, machinery, equipment, furniture, fixtures, etc. used incident to business enterprises.

The Complaint alleges that the Mortgagor is in default and that the Mortgagee is entitled to immediate possession of the property described in the mortgage security agreement.

The Complaint further alleges that the Mortgagor refuses ". . . to give up the possession [of property] . . . and such refusal is without just cause and is wilful and malicious and said property is rapidly deteriorating in value while in the unlawful possession of the [Mortgagor] . . ." The complaint prayed for immediate possession of the property and for judgment against the Mortgagor and others on the debt. It was accompanied by an "Affidavit for Possession". The affiant averred that ". . . due to the nature of the property hereinabove described, it is probable to believe that it is in immediate danger of being destroyed or concealed by the Defendants who are in possession of such property . . ."

Based on the Complaint and the Affidavit, the trial court on February 13, 1978, issued its *ex parte* order for immediate seizure and directed that the businesses operated at the locations where the property was kept be closed by the Sheriffs of the five respective counties and that locks be placed on the doors.

On March 2, 1978, the Mortgagor applied for and procured from the Chief Justice of this Court an Order superseding the seizure order of the trial court. This Order was reviewed by the entire Supreme Court on March 7, 1978, with all parties having an opportunity to be heard. The Court continued the *supersedeas* until the issues could be disposed of on appeal. The appeal was heard on November 14, 1978, and this Court, on January 31, 1979, issued its *per curiam* opinion reported in 272 S. C. 339, 251 S. E. (2d) 762 (1979), dismissing the appeal for want of jurisdiction. Jurisdiction for purposes of appeal does not vest in the Court until and unless a Notice of Intent

to Appeal is served on one's adversary within ten days from notice of the trial court's Order. Supreme Court Rule 1 and Code § 18-9-60. It developed when the case was submitted to the Court that the Notice of Intent to Appeal had not been served within ten days from notice of the filing of the trial judge's order. This fact was not called to the attention of the Court when the order of supersedeas was granted and later continued. A Notice of Intent to Appeal confers jurisdiction on this Court and is a prerequisite to applying for a writ of supersedeas.

After this Court had dismissed the appeal for want of jurisdiction, the Mortgagor then moved before the trial judge for an order declaring void *ab initio* and/or vacating so much of the Order of February 13, 1978, as directed the Sheriffs to close the business establishments operated by the Mortgagor. The Motions also asked that the Mortgagor be given immediate possession of the personal property described in the Complaint. These motions came to be heard on March 14, 1979, and were denied. From this Order the Mortgagor has appealed, bringing the case before this Court again.

In his ruling, the judge held there was sufficient basis for the issuance of the seizure order and that the court had jurisdiction of both the parties and the subject matter. He further held that his court was without jurisdiction to grant the relief sought since the seizure order was not properly appealed and, accordingly, became the law of the case. The judge held that the Mortgagor had waived its right to appeal by virtue of § 18-9-100, *Code of Laws of South Carolina* (1976). That code section reads as follows:

Whenever the appellant shall fail to perfect his appeal, his failure to do so shall amount to a waiver thereof unless the court permit the appeal to be perfected as provided in §§ 18-1-100 and 18-9-120.

The code § 15-69-100, held a sufficient basis for the issuance of the seizure order, reads as follows:

Upon showing unto the judge or clerk of court supported by an affidavit containing facts sufficient to show that it is probable to believe that the property at issue is in immediate

danger of being destroyed or concealed by the possessor of such property and particularly describing such property and its location, the judge or clerk of court shall make a determination as to whether or not the property may be immediately seized. *Provided,* that the holding of a preseizure hearing by the judge shall not be a condition precedent to such determination.

While *ex parte* orders are to be frowned upon, they are appropriate under a proper factual showing such as that contemplated by this code section. If one conceives himself to be aggrieved by the issuance of an *ex parte* order, the proper procedure is to apply promptly to the issuing authority to vacate.

Our code § 15-27-350 provides relief as follows:

An order, made out of court, without notice to the adverse party, may be vacated or modified, without notice, by the judge who made it or may be vacated or modified on notice given in the manner in which notice of other motions requiring notice is required to be given.

The more appropriate procedure in this case was for the Mortgagor to apply promptly for a vacation of the Order to the court which issued it. Having elected to appeal in lieu of petitioning the lower court, the Mortgagor waived its right, after the long delay, to pursue the same issues again in the lower court. We are of the opinion that the trial judge did have jurisdiction, but we are also of the opinion that he reached the correct result by refusing the relief sought. By appealing, the Mortgagor has relinquished its right to move to vacate the Order and the law of waiver applies.

Presumably, from the date of the supersedeas, on March 2, 1978, to the date the appeal was dismissed, on January 31, 1979, the Mortgagor was in possession. At oral argument, it was stated that other creditors had "moved in" asserting claims against some of the property. It is obvious that no final judgment has been entered and the matter is, accordingly, remanded for other proceedings as may appear appropriate.

Other issues submitted to the Court have been considered and found without merit.

Affirmed.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.